The complaint alleges that plaintiff,- whéit a child of five playing in an areaway of the building inwhieli defendant lived, Was Stitiek by a bottle that was either dropped or thrown by defendant from a window of defendant's apartment. An examination of the defendant before trial was sought as to her throwing or dropping the bottle at the time and her knowledge that plaintiff was standing beneath the window and the bottle striking plaintiff. The application was denied upon the ground that there was no showing that there were' so other witnesses to the accident, with leave to renew upon such a showing. Plaintiff's father, by whom she sues, submitted an affidavit that he was not present at the time of the occurrence and all that the infant recalls is that the bottle struck her. Nothing is said in the affidavit as to the presence or absence of other witnesses. We think it is clear on the particular facts of this ease, where the alleged act of defendant causing the accident is so peculiarly within her own knowlege and unknown to plaintiff, that other witnesses, if they existed, would be unlikely to be in a position to testify to the quality of defendant’s act and her knowledge as to the presence of the child. We think that under the circumstances the motion should have been granted. Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted. Settle order on notice. Present — Peek, P. J., Glennon, Callahan, Yan Yoorhis and Shientag, JJ.